THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS DEAN ARMSTRONG,<br><br>Defendant. | CASE NO. CR13-0322-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. On June 23, 2015, defendant Lewis Dean Armstrong was sentenced pursuant to his conviction following a jury trial for violation of 18 U.S.C. §§ 1153 and 2241(c), Aggravated Sexual Abuse of a Child. (Dkt. No. 116.) The Court sentenced Mr. Armstrong to twenty years of incarceration, to be followed by a lifetime term of supervised release. Among other supervised release conditions, the Court ordered Mr. Armstrong "to participate in plethysmograph testing throughout the course of [his] supervision, as determined and directed by the therapist." (*Id*. at 5.)

In *United States v. Weber*, the Ninth Circuit addressed the authority of a district court to order penile plethysmography as a condition of a prisoner's supervised release. *Weber*, 451 F.3d 552 (9th Cir. 2006). The *Weber* court required that a trial court make particular findings on the record if imposing plethysmography as a condition of supervised release. Pursuant to *Weber*, the Court now finds that, given the nature of the offense, coupled with disturbing allegations of

similar past conduct, "the degree of intrusion caused by [plethsmographic testing] is reasonably necessary" to accomplish the legitimate purposes of supervised release, and the procedure "involves no greater deprivation of liberty than is necessary, given the available alternatives." *Id*. at 568-69.

Ordinarily, as part of the presentencing colloquy, the defendant is asked whether he has had an opportunity to read the presentence report. In this case, Mr. Armstrong did not respond to the question. His counsel confirmed that Mr. Armstrong had been sent a copy of the presentence report. The Court asked Mr. Armstrong's counsel if he proposed that we should go forward. He said that he was prepared to, and I said that I don't know what more we can do. I went forward with the sentencing hearing at that point. Mr. Armstrong's participation was largely limited to comments about his belief that the trial transcript was inappropriately altered. Mr. Armstrong's concerns about this issue were addressed in a previous order denying his request to modify the transcript. (Dkt. No. 93.)

DATED this 25th day of June 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2