Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>LEWIS DEAN ARMSTRONG,<br><br>                  Defendant. | NO. CR13-0322RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR PROTECTION ORDER LIMITING USE OF DEFENDANT'S STATEMENTS AND PROTECTING ATTORNEY-CLIENT PRIVILEGE DURING COMPETENCY EVALUATION AND HEARING |

This matter comes before the Court on the defendant's Motion for a Protection Order Limiting the Use of Defendant's Statements and Protecting Attorney-Client Privilege During the Upcoming Competency Evaluation and Hearing (Dkt. #178). The government's opposition does not specifically oppose the request but argues the relief sought is unnecessary as it is already covered by Fed. R. Crim. P. 12.2(c)(4), the attorney client doctrine, and other authority (Dkt. #179 at p.2).[1]

---

[1] The Court is perplexed why defense counsel entered a stipulated motion on September 12, 2017 for the independent evaluation yet waited until nearly the eve of the scheduled evaluation (November 2, 2017) to file the subject motion. Delayed filings with the expectation of immediate relief when no emergency would have existed but for the delayed filing are not condoned by the Court. This motion could have easily been filed some time ago and avoided this Court having to treat the motion as an emergency. For future filings, defense counsel should be considerate of opposing counsel and certainly this Court in avoiding crisis reaction to an unwarranted delayed submission.

ORDER - 1

The Court **DENIES** defendant's motion and agrees with the government. The relief sought by the defendant is duplicative of what is already covered by the rules cited by the defendant is his motion (Dkt. #178, p. 8), the attorney client doctrine and rules cited in defendant's motion (Dkt. #178, pgs. 8-10), and the case authority cited by the defendant (Dkt. #178, pgs. 10-13). No further relief is warranted.

As to the defendant's request to close the courtroom during the competency hearing, the Court will not grant a wholesale request for closure. As appropriate during the hearing, based upon a proffer of the specifics of what aspects of attorney-client communications or details need to be protected, the Court will then determine what portion of the hearing requires closure.

DATED this 1st day of November, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge