HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 13-322 - RAJ |
| Plaintiff | ) | |
| | ) | DEFENSE MOTION FOR |
| V. | ) | APPOINTMENT OF KENNETH |
| | ) | MUSCATEL. PhD. FOR |
| LEWIS DEAN ARMSTRONG, | ) | COMPETENCY EVALUATION |
| Defendant. | ) | |

Noted: June 11, 2021

TERRENCE KELLOGG, counsel for LEWIS DEAN ARMSTRONG, moves the Court for entry of an order providing for payment at public expense[1] for appointment of Dr. Kenneth Muscatel, PhD., for a competency evaluation of defendant Armstrong for purposes of sentencing.

LEGAL BASIS FOR MOTION:

18 U.S.C. § 4244(a) provides for this motion if "… supported by substantial information indicating that the defendant may presently be suffering from a

---

[1] Counsel has been advised by CJA Administration that payment for competency evaluations is the responsibility of the United States Department of Justice and not Court funds under the Criminal Justice Act.

mental disease or defect for which he is in need of custody for care or treatment in a suitable facility".  18 U.S.C. § 4244(b) grants the Court discretion to order a psychological examination of the defendant, incorporating the provisions of 18 U.S.C. § 4247(c), with additional provisions for the report.

In the memorandum opinion of the Ninth Circuit Court of Appeals in this case, Docket NO. 218 entered April 3, 2020, at page 3, the court found:

> "[A] defendant has a constitutional due process right not to be tried **or sentenced** if he is legally incompetent. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A *Pate* hearing is not required absent a "substantial" or "bona fide" doubt of competency. See *de Kaplany v. Enomoto*, 540 F. 2d 975, 979 – 83 (9th Cir. 1976) (en banc).

Bold emphasis added.

This motion is supported by the following declaration of counsel.

DECLARATION OF COUNSEL:

Terrence Kellogg affirms under penalty of perjury as follows:

I am appointed pursuant to the Criminal Justice Act to represent Lewis Dean Armstrong in the referenced matter. I have personal knowledge of the matters set forth in this declaration and am competent to testify as a witness.

My appointment is to represent Mr. Armstrong on imposition of sentence following remand from the Ninth Circuit Court of Appeals. The Court is more familiar with Mr. Armstrong than I am. The sentence to be imposed is a 30 year mandatory minimum term of imprisonment.

Following remand from the Ninth Circuit for determination by the District Court of Mr. Armstrong's competency to assist counsel on appeal the Court determined Mr. Armstrong was not competent to assist in his appeal. In discussions with two of Mr. Armstrong's prior counsel, Robert Gombiner and Jonathan Solovy, both opined Mr. Armstrong should be evaluated for his competency to proceed with sentencing.

I have not yet spoken with Mr. Armstrong. He remains in custody of Bureau of Prisons [BOP] and has recently arrived in this district at FDC Seatac.

Mr. Armstrong and I have exchanged correspondence. A request is pending with FDC Seatac for a confidential attorney-client telephone conference. Mr. Armstrong has asked in several letters that I withdraw as his appointed counsel. I will file a separate motion setting forth Mr. Armstrong's request I withdraw. That motion, to be filed under seal, is incorporated by this reference to include a description of difficulties counsel has in dealing with Mr. Armstrong resulting from his present mental condition.

The prior competency evaluation and subsequent testimony at the competency proceeding was provided by Kenneth Muscatel, PhD. Dr. Muscatel has advised me he recalls the evaluation of Mr. Armstrong, has located Mr. Armstrong's file, and is willing to be appointed to conduct an evaluation of Mr. Armstrong for purposes of sentencing. Dr. Muscatel's CV is also attached to this

motion for appointment. Dr. Muscatel advised his hourly rate for federal court appointments is $300 hourly and he believes the evaluation could be completed in ten hours time.

I believe, given the history of this case, together with the difficulties I experience in representing Mr. Armstrong, that a psychological evaluation to determine competency to proceed with sentencing is both appropriate and necessary.

I hereby certify under penalty of perjury that all of the above is true.

Dated this 1st day of June, 2021.    s/ *Terrence Kellogg*

    Terrence  Kellogg, WSBA # 6452
    Attorney for Armstrong
    P.O. Box 633
    Port Townsend. WA. 98368
    E-Mail: terrykellogg@gmail.com